NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY A. BURTON, | No. 19-16670 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-03158-JST |
| v. | |
| BRIAN LEE, CSR; SUZAN HUBBARD, Warden, CDW, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| G. D. LEWIS, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted June 21, 2021**

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

California state prisoner Jerry A. Burton appeals pro se from the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Burton failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation and internal quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances under which exhaustion may be effectively unavailable).

We do not consider Burton's renewed motion for appointment of counsel (Docket Entry No. 27). In Docket Entry No. 12, this court denied Burton's motion for appointment of counsel and ordered that no motions for reconsideration, clarification, or modification of the denial shall be filed or entertained.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

19-16670

The Clerk will file Burton's reply brief submitted at Docket Entry No. 28.

**AFFIRMED.**